IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL PEARSON, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

GROUP HEALTH COOPERATIVE OF
SOUTH CENTRAL WISCONSIN,

        Defendant.

ORDER

24-cv-310-jdp

---

GABRIELLA JENICH and MARGARET
HETZLER, individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

GROUP HEALTH COOPERATIVE OF
SOUTH CENTRAL WISCONSIN,

        Defendant.

ORDER

24-cv-312-jdp

---

LISA MITCHELL, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.

GROUP HEALTH COOPERATIVE OF
SOUTH CENTRAL WISCONSIN,

        Defendant.

ORDER

24-cv-313-jdp

| | |
|---|---|
| SUE MAUER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br> v.<br><br>GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN,<br><br>        Defendant. | ORDER<br><br>24-cv-314-jdp |
| MICHAEL COLLINS and JENNIFER JOHNSON-HEISS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br> v.<br><br>GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN,<br><br>        Defendant. | ORDER<br><br>24-cv-315-jdp |
| MARY DONAHUE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br> v.<br><br>GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN,<br><br>        Defendant. | ORDER<br><br>24-cv-316-jdp |

MALEAH MOSKOFF, individually and on
behalf of all others similarly situated,

                            Plaintiff,                            ORDER

v.

GROUP HEALTH COOPERATIVE OF                 24-cv-317-jdp
SOUTH CENTRAL WISCONSIN,

                            Defendant.

---

These seven cases are all proposed class actions about a data breach that occurred in January 2024. Group Health Cooperative of South Central Wisconsin is the sole defendant in each case. The cases were filed in state court, but Group Health has removed all of them to this court, relying on 28 U.S.C. § 1332(d) as the basis for jurisdiction. This order will address four issues raised by the notices of removal.

First, the presiding judge, some of his immediate family, and some of his law clerks are members of Group Health. The proposed class definitions are not identical, but they all exclude the presiding judge from the class. Some of them also exclude the judge's immediate family members and his law clerks. If any party believes that excluding the presiding judge from the class does not alleviate any potential conflict, that party should file a motion for recusal. The parties should also state their positions on whether they object to excluding from each class the presiding judge's immediate family and of the chambers law clerks in the Western District of Wisconsin. All parties should file a statement on whether they believe that recusal is appropriate or whether they waive any objection based on the court's membership in Group Health.

Second, one of the requirements to establish jurisdiction under § 1332(d) is to show "minimal diversity," which means that at least one proposed class member is a citizen of

3

different state from the defendant. In each of the notices of removal, Group Health states that the minimal diversity requirement is met because the classes are nationwide in scope, and there are more than 500,000 proposed class members, "so it is more likely than not that at least one of the proposed class members is not a citizen of the State of Wisconsin." *See*, *e.g.*, Case no. 24-cv-310-jdp, Dkt. 1, at 6. But that's not enough. The proponent of jurisdiction cannot rest on an assumption, "educated and sensible though it may be." *See Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019). Rather, Group Health must identify a particular proposed class member who has diverse citizenship. *See id.* So the court will give Group Health an opportunity to supplement its notices of removal to show that there is minimal diversity.

Third, even when there is minimal diversity, remand may be appropriate when more than one-third of the proposed class members and the defendant are citizens of the forum state 28 U.S.C. § 1332(d)(3). This is called the "local controversy" exception. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). And remand may be required when more than two-thirds of the proposed class members and the defendant are citizens of the same state. 28 U.S.C. § 1332(d)(4). This is called the "home state" exception. *Hart*, 457 F.3d. at 676. Group Health was not required to plead in its notices of removal that neither exception applies; the plaintiffs must prove that they do apply. *Id.* at 679–82. But Group Health's clinics are all in Dane County, so it is likely that Group Health serves almost exclusively Wisconsin residents. The court will give plaintiffs an opportunity to seek remand under § 1332(d)(3) or (4).

Fourth, the complaints in the seven cases are not identical, but all of them arise out of the January 2024 data breach, and they all have similar proposed classes. So the court will direct the parties to show cause why the seven cases should not be consolidated into one case

4

under Federal Rule of Civil Procedure 42. If any party believes that some of the cases should be consolidated, but some of them should not be, the party should so state and explain why.

ORDER

IT IS ORDERED that the parties may have until June 10, 2024, to address each of the issues raised in this order or show cause why they are unable to do so. If necessary, the court will set briefing schedules on any motions when they are filed.

Entered May 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge