UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MALEAH MOSKOFF, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

GROUP HEALTH COOPERATIVE OF
SOUTH CENTRAL WISCONSIN,

      Defendant.

Case No.: 24-cv-317

---

**DEFENDANT GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN'S <u>AMENDED</u> NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, 1446, and 1453, Defendant Group Health Cooperative of South Central Wisconsin ("GHC"), by and through its attorneys, Husch Blackwell LLP, hereby provides notice of the removal of the above-captioned state court action, 2024 CV 001203, from the Dane County Circuit Court, State of Wisconsin, to the United States District Court for the Western District of Wisconsin.

I.     PROCEDURAL HISTORY

On April 22, 2024, Plaintiff Maleah Moskoff, on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), initiated an action in state court by filing the above-captioned Complaint in the Dane County Circuit Court, State of Wisconsin, Case No. 2024 CV 001203 (the "Class Action"). The Complaint alleges the following counts: (1) Negligence (Class Members against GHC); (2) Negligence Per Se (Class Members against GHC); (3) Breach of Implied Contract (Class Members against GHC); and (4) Unjust Enrichment (Class Members against GHC).

HB: 4885-4135-6989.1

With the Complaint, Plaintiffs also included a Summons and a Jury Demand. *See* Exhibit A. Plaintiffs have not served GHC with the Summons or a copy of their Complaint. *See* Exhibit B. A party may amend a notice of removal within thirty days of being served with the summons and complaint. *Diversey, Inc. v. Maxwell*, 798 F. Supp. 2d 1004, 1006 (E.D. Wis. 2011), citing *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982). Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b).

Copies of all pleadings GHC has obtained are attached hereto as Exhibit A.

II.   NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice shall be promptly served on Plaintiffs' counsel of record and will be filed with the Dane County Circuit Court, State of Wisconsin.

III.   JURISDICTION AND VENUE

As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, and 1453, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1442.

Venue lies in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1453(b) and 1446(a).

IV.   GROUNDS FOR REMOVAL

**CLASS ACTION FAIRNESS ACT**

Plaintiffs' Complaint is properly removed to this Court because there is minimal diversity between GHC and the class members, the aggregate amount in controversy for the class exceeds $5 million, and there are more than 100 members in the case.

2

This is a civil Class Action which GHC may remove to this Court pursuant to the Class Action Fairness Act ("CAFA"). Pursuant to 28 U.S.C. § 1453 – Removal of class actions:

> **(b) In general.**--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

In considering 28 U.S.C. § 1453(b), the Supreme Court confirmed that "CAFA also includes a removal provision specific to class actions." *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746-47, 204 L.Ed.2d 34 (2019).

Removal of this Class Action is warranted pursuant to 28 U.S.C. §§ 1453(b) and 1332(d). Specifically, this Court has jurisdiction over this Class Action because: (1) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs; (2) a member of the class of plaintiffs is a citizen of a state different from GHC; and (3) the number of all proposed plaintiff class members in the aggregate is more than 100. As the foregoing prerequisites are met, any party that seeks remand bears the burden to prove an exception to CAFA's jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 680 (7th Cir. 2006).

A.   <u>The amount in controversy exceeds the sum or value of $5 million.</u>

First, it is plausible that the amount in controversy in this Class Action exceeds the sum or value of $5 million. To determine whether the amount in controversy threshold has been met, the claims of the individual class members are aggregated, exclusive of interest and costs but inclusive of punitive damages and attorneys' fees under a fee-shifting statute or contract. *See, e.g., Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998); *see also* 28 U.S.C. § 1332(d)(6). Plaintiffs seek

3

"compensatory, exemplary, punitive damages, and statutory damages, as allowed by law," as well as "restitution and damages to [Plaintiffs] in an amount to be determined at trial" plus "prejudgment and post-judgment interest, as provided by law." *See* Exhibit A, ¶ 185. In addition, Plaintiffs request an award of attorneys' fees. *See id.*

In the aggregate, the proposed class of well over 100 Plaintiffs satisfies the $5 million amount in controversy threshold. Plaintiffs identify the "Class" as:

> All persons in the United States whose Private Information was accessed in the Data Breach.

*See* Exhibit A, ¶ 104. In turn, Plaintiffs allege that the putative class contains approximately 533,000 members. *See id.*, ¶ 39, *citing* https://www.hipaajournal.com/group-health-cooperative-south-central-wisconsin-ransomware/. Thus, each individual class member would need to claim, at most, $9.36 to satisfy the $5 million amount in controversy threshold. Given the broad scope of damages being requested, including exemplary and punitive damages, statutory damages, restitution, and pre- and post-judgment interest, and Plaintiffs' request for attorneys' fees, it is plausible that each Plaintiff of the proposed class has placed more than $9.36 in controversy.

Further, Plaintiffs request "injunctive relief as necessary to protect the interests of [Plaintiffs]." *See* Exhibit A, ¶ 185. GHC's costs to comply with any requested injunctions would also be aggregated to the amount in controversy. *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003).

Given the above, it is more than plausible that the amount in controversy exceeds $5 million.

B. <u>Minimal diversity is satisfied</u>.

To meet the minimal diversity requirement of 28 U.S.C. § 1332(d)(2), the party seeking removal must establish that any member of a class of plaintiffs is a citizen of a state different from any defendant.

1. GHC's citizenship

For purposes of determining minimal diversity under CAFA, 28 U.S.C. § 1332(d)(10) provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." GHC is a membership cooperative that was formed in Wisconsin and has its principal place of business in Wisconsin. *See* Exhibit A, ¶ 14. For purposes of removal under CAFA, therefore, GHC is a citizen of the State of Wisconsin.

2. Class members' citizenship

The Complaint does not limit the citizenship of its proposed class members to the State of Wisconsin. Rather, the proposed class includes all persons "*in the United States*" whose private information was allegedly accessed in the data breach. *See* Exhibit A, ¶ 104 (emphasis added). Moreover, Plaintiffs allege that there are approximately 533,809 proposed class members. Even though the named Plaintiff is a citizen of the State of Wisconsin, minimal diversity is satisfied because at least one of the proposed class members is not a citizen of the State of Wisconsin.

GHC maintains information regarding the residence addresses of its members in the ordinary course of its business. GHC's review of that information shows that tens of thousands of the 533,809 proposed class members have residence addresses outside the State of Wisconsin in GHC's database. For confidentiality purposes, GHC is unable to identify a specific proposed class member by their name and residence address in this publicly filed document. However,

GHC has met its burden of plausibly alleging that at least one of the proposed class members is not a citizen of the State of Wisconsin.

        3. <u>The proposed class consists of more than 100 members.</u>

As alleged in the Complaint, the proposed class consists of "[a]ll persons in the United States whose Private Information was accessed in the Data Breach," and the putative class contains approximately 533,000 members. *See* Exhibit A, ¶¶ 104, 39. Based upon Plaintiffs' express allegations, the number of members of all proposed class members in the aggregate is greater than 100. Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

## PIP FEDERAL OFFICER

GHC removes this case pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), on the additional ground that GHC is a participant in the Medicare Promoting Interoperability Program ("PIP").

First, as stated, GHC is a "person" under the statute, and organizations like GHC routinely seek removal under this provision.

Second, as a participant in the PIP, GHC created an electronic health record patient portal primarily to assist the federal government in its mission for a nationwide system of electronic health records, and in return, GHC took advantage of federal incentives for setting up such a program. Courts have held that the participation in this federal program satisfies the "acting under" requirement. *See, e.g., Doe v. ProMedica Health System, Inc.*, 2020 WL 7705627 (N.D. Ohio). The aim of the PIP is to create a unified system of patient electronic health records and, like the defendant in *ProMedica*, GHC's participation assisted the federal government in achieving that goal. Therefore, the "acting under" prong is satisfied.

Third, the claims alleged by Plaintiffs implicate GHC's electronic health record patient portal, and GHC's handling of this electronic information is central to the claims in this case. The patient portal was created directly in response to the PIP. Thus, there is a connection between GHC's data management and the PIP, particularly the incentives that are tied to participation. GHC has satisfied the "casual nexus" requirement.

Finally, GHC will raise multiple federal defenses that would require the interpretation of federal law, including HIPAA preemption, HIPAA-related duty defenses, and non-complete ERISA preemption.

Therefore, all four elements of removal under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), are satisfied by virtue of GHC's participation in the Medicare PIP, and removal of this case is proper on that basis as well.

V.  CONCLUSION

By removing this action to this Court, GHC does not waive any defenses, objections, or motions available under state and/or federal law. GHC expressly reserves the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure or any other applicable rule.

WHEREFORE, GHC respectfully removes this action from the Dane County Circuit Court, State of Wisconsin, as Case No. 2024 CV 001203, to the United States District Court for the Western District of Wisconsin.

Dated this 4th day of June, 2024.

s/ Thomas P. Heneghan
Thomas P. Heneghan
Jacob B. Harris
Attorneys for Group Health Cooperative of South Central Wisconsin
HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
Madison, Wisconsin 53703
Telephone: 608.255.4440
Fax: 608.258.7138
Email: Tom.Heneghan@huschblackwell.com
Email: jacob.harris@huschblackwell.com

8

HB: 4885-4135-6989.1